UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES | § | |
| v. | § | CASE NO. 4:17-CR-00436-001 |
| CHARLES GILMORE, JR. | § | |

### DEFENDANT'S SENTENCING MEMORANDUM

Defendant, Charles Gilmore, Jr., pleaded guilty to Count 1 of the indictment on February 20, 2018, before Magistrate Judge Christina Bryan pursuant to a sealed plea agreement. Count 1 charged the defendant with mailing threatening communications in violation of 18 U.S.C. §876( c). The statutory maximum term of imprisonment is 10 years, pursuant to 18 U.S.C. §876( c). The Court deferred sentencing to allow for the preparation of a Pre-Sentence Report ("PSR"). Sentencing is currently scheduled for May 30, 2018, at 10:30 am.

Mr. Gilmore objects to the following matters contained in the PSR, and referred to by paragraph number:

1.      The consecutive sentencing recommendation as contained in PSR ¶ 100. Mr. Gilmore respectfully requests the imposition of a concurrent sentence to his already existing state and federal undischarged sentences. The PSR relies upon U.S.S.G. §5G1.3(a) for the authority of this Court to impose a consecutive sentence. Mr. Gilmore does not contest that this offense occurred while there exists an undischarged term of imprisonment for both a Missouri state court sentence, a Western District of Missouri federal sentence, and a Northern District of Texas federal sentence. These offenses are separate and distinct from the current charge, although the Western District of Missouri and Northern District of Texas offenses are of a similar nature.

This Court may, however, impose a concurrent sentence despite the §5G1.3(a) guideline provision. 18 U.S.C. §3584(a). If a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms

may run concurrently or consecutively. This Court shall consider the factors set forth in section 3553(a) in determining whether the terms imposed are to be ordered to run concurrently or consecutively. 18 U.S.C. §3584(b).

This Court is well aware of all of the sentencing factors contained in section 3553(a). The 5th Circuit reviews sentences for reasonableness. *See United States v. Mondragon - Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). A consecutive sentence in this case goes far beyond what is reasonable to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed mental health treatment (*see* PSR ¶¶ 79 - 87). His mental health condition specifically provides mitigation evidence in support of a concurrent rather than consecutive sentence. Mr. Gilmore has received the following diagnoses: Impulse Control Disorder; Antisocial Personality Disorder; and, Cyclothymic Disorder.

While the PSR states that these diagnoses do not impair his mental capacity, or have a significantly adverse impact on his ability to understand the wrongfulness or his behavior or his reasoning skills, Mr. Gilmore suffers from depression, anxiety, anger management control issues, and no impulse control. *Id.*

Mr. Gilmore has been found competent to stand trial in this case. On November 21, 2017, Dr. Gerald Harris conducted a mental health evaluation to determine competency. Dr. Harris' report provided the following summary and recommendations:

> "Mr. Gilmore appears to meet the federal standards for competency to proceed in Court. His intelligence is in the average range, and his understanding of the legal and prison system is adequate. However, Mr. Gilmore does have a number of mitigating facts that affect his ability to control and conform his behavior. Psychiatric treatment...is advised. Psychological counseling is also strongly advised."

Mr. Gilmore respectfully requests that this Court take his mental health condition into consideration as mitigation evidence in favor of a concurrent sentence.

2. Criminal History points, PSR ¶ 40. Mr. Gilmore objects to the three criminal history points assessed for this conviction. While it is true that he was

assessed a 77 month sentence on several counts on August 25, 2003, he was ultimately sentenced to only 12 months and one day imprisonment on a revocation action on February 18, 2010. U.S.S.G. §4A1.1(a) calls for a three point addition for each prior sentence of imprisonment exceeding one year and one month. His term of imprisonment was for only 12 months and one day. Accordingly, Mr. Gilmore objects to the three point addition for this prior sentence.

    3.    Supervised Release, PSR ¶¶ 103 - 105. Mr. Gilmore respectfully objects to a requirement for three years of supervised release following his release from prison. He respectfully requests a two year supervision period.

    4.    Fines, PSR ¶¶ 109 - 111. Mr. Gilmore objects to the imposition of any fine, as he has no financial resources from which to pay. PSR ¶ 96.

    5.    Restitution, PSR ¶¶ 112 - 118. Mr. Gilmore respectfully requests that this Court find that he has no financial resources from which he could reasonably pay any restitution order. Further, his financial resources do not allow for the payment of any restitution in the foreseeable future under any reasonable schedule of payments. *See* PSR ¶ 117.

    6.    Adjustment for Acceptance of Responsibility, PSR ¶ 21. Mr. Gilmore believes he is qualified for a three level downward departure from the guidelines for acceptance of responsibility under U.S.S.G. §3E1.1. A copy of the defendant's letter of acceptance of responsibility is attached to this Sentencing Memorandum and is incorporated herein for all purposes.

## SENTENCING RECOMMENDATION

The PSR provides a total offense level of 26. PSR ¶ 24. The PSR also provides a Criminal History score of 22. PSR ¶ 51. Two points are added to the criminal history score as the defendant committed the instant offense while under any criminal justice sentence, under U.S.S.G. § 4A1.1(d). With a total criminal history score of 24, a criminal history category of VI is established. PSR ¶ 53. Based upon a total offense level of 26 and a criminal history category of VI, the guideline range for imprisonment is 120 to 150 months. PSR ¶ 99. Pursuant to U.S.S.G. § 5G1.1( c)(1), the maximum of the guideline imprisonment range is limited to the statutorily authorized maximum term of 120 months imprisonment. *Id.* Relying on U.S.S.G.

§5G1.3(a), the PSR calls for the sentence to run consecutively to the already existing undischarged terms. PSR ¶ 100.

Mr. Gilmore, based upon the objections and recommendations noted above, respectfully requests that this Court find as follows:

1. Total Offense Level of 23, after giving three level adjustment for acceptance of responsibility.

2. Criminal history points of 19, after giving three point adjustment for his 2003 conviction.

3. Add the two criminal history points for commission of the current offense while under any criminal justice sentence.

4. Total criminal history score of 21, which still results in a criminal history category of VI.

5. The guideline range for punishment based upon the above recommendations is 92 - 115 months. Mr. Gilmore respectfully requests a low end sentence.

6. Concurrent, rather than consecutive, sentencing to his already existing state and federal sentences based upon the mitigation factors set forth above.

Respectfully submitted,

*/s/ Thomas A. Martin*

Thomas A. Martin
State Bar No. 50511495
Fed. Adm. No. 21873
617 Caroline, Suite 300
Houston, TX 77002
713-222-0556
713-222-7022 (fax)

tmartin@justice.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been provided through this Court's electronic filing system to both the Assistant United States Attorney handling this case, the U.S. Probation Department, and by regular mail to the defendant in accordance with the Federal Rules of Criminal Procedure on April 26, 2018.

                                    */s/ Thomas A. Martin*

                                    Thomas A. Martin
                                    Attorney for Defendant

April 18, 2018

The Honorable Lee Rosenthal
United States District Judge
515 Rusk
Houston, TX 77002

    Re:    Case No. 4:17-CR-00436-001; United States v. Charles Gilmore
              United States District Court for the Southern District of Texas
              Houston Division

              Letter of Acceptance of Responsibility

Dear Judge Rosenthal:

    I will be standing before you on May 30, 2018, at 10:10:30 am as a humbled man, and ashamed of my misconduct that will be bringing me before you to assess my punishment. I have pleaded guilty to the charged offense of mailing a threatening communication, because I am in fact guilty of the charged offense. My plea has been made freely and voluntarily. No one has forced me to plead guilty, or has promised or induced me to plead guilty in any way.

    I sent the letter to the FBI in late January, 2017 while confined in the Jefferson City Correctional Center in Jefferson City, Missouri. The letter was not sent while out in the free world. The letter clearly threatened to kill a judge in Lubbock, Texas. While I did not hide or disguise the intent of the letter, I obviously had no ability to carry out the threat by myself as I was confined. That is the reason why I told the FBI Special Agents during my interview on March 9, 2017, that there were people leaving the prison every day who could carry out this horribly misguided threat. There is no excuse, rationalization, reason, or justification for my illegal misconduct. I was taking my rage, anger, frustration, and anxiety out on that Lubbock judge with my threat. I also included some white powder in the letter to the FBI, with the express intent of only scaring and frustrating the FBI. Fortunately, the FBI was able to test and determine that the white powder did not contain any bioterrorism agents.

    As mentioned above, my letter to the Lubbock judge was born of rage, anger, and frustration at my situation. My time spent here in Texas on this charge has finally

convinced me that I have a serious anger management issue which needs to be addressed and properly treated. I simply can't keep living my life and doing things the way I have always done them, yet expecting a different result. My record shows that I unfortunately have many criminal convictions over the years. I want to move past this tragic incident, and to one day earn the right to re-enter the free world, and to become a productive member of society. I want to be able to show you particularly that I can turn a new page (so to speak) and live a law-abiding life.

I welcome the opportunity to visit with you on May 30, 2018 and to answer any questions you may have at that time.

                          Respectfully yours,

                          */s/ Charles Gilmore, Jr.*

                          Charles Gilmore, Jr.